PER CURIAM:
On September 19, 1986, the claimant was driving his 1985 Buick on U.S. Route 50 in an easterly direction. Concrete had fallen from the 13th Street Bridge above U.S. Route 50 and claimant's vehicle struck this concrete. The claimant seeks $64.99 for damage done to the tire to his vehicle.
Claimant testified that at the time of the accident, the weather was nice. It was just beginning to get dark. He was travelling at approximately 10-15 miles per hour. The accident occurred at about 7:25 p.m. He travels this route every day, and had travelled it earlier the date of the incident. On his previous trip, the claimant had not observed the concrete debris on the highway. He had no knowledge of when respondent was notified concerning the dangerous condition of U.S. Route 50.
Stephen Randall Harris, a district bridge engineer with respondent in District 4, testified that he was familiar with the bridge in question. He checked respondent's records to ascertain that there was damage to the bridge on the date of this accident and that respondent was notified of this fact at 7:19 p.m. The area was cleared of debris at 7:52 p.m. He found no evidence in the records of any notification to respondent prior to 7:19 p.m. on September 19, 1986.
Francis E. Knight, former supervisor of APD 50, Tunnel Hill for respondent, testified that he arrived at the accident scene at approximately 7:30 p.m. He had been notified by *101 the district of the problem on U.S. Route 50 at 7:19 p.m. He had no knowledge of any damage to the bridge itself or concrete on the roadway below prior to the notification at 7:19 p.m.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found liable for the damages incurred, proof of notice, either actual or constructive, of the defect in question must be shown. The evidence in this record indicates that the dangerous condition appeared suddenly, and that the respondent acted promptly to take safety precautions as soon as it became award of the problem. Barnhart vs. Department of Highways, 12 Ct.Cl. 236 (1979), Moore vs. Department of Highways, and Taylor vs. Department of Highways, CC-85-167 (Opinion issued February 19, 1986). The Court is of the opinion that negligence on the part of the respondent has not been established and, therefore, the Court denies this claim.
Claim disallowed.